IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLAN MOOREFIELD, JK-6355, )
    Petitioner, )
     )
    v. ) 2:15-cv-825
     )
COMMONWEALTH OF )
PENNSYLVANIA, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

Allan Moorefield has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Petitioner is presently serving two consecutive life sentences plus a consecutive two to four year sentence imposed following his conviction by a jury of two counts of first degree murder and carrying a firearm without a license at No. CC 2008-11367 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on February 18, 2010.[1]

An appeal was taken to the Superior Court in which the questions presented were:

I.    Whether the evidence was insufficient, as a matter of law, to prove appellant actually shot anyone inside the van on the date in question?

II.    If the evidence was sufficient to prove that appellant fired a gun, whether the Commonwealth also failed to disprove beyond a reasonable doubt that appellant acted in self-defense?

III.    Whether the trial court erred in concluding that Michael Bigstaff had a Fifth Amendment right to avoid testifying where the potential criminal exposure to Mr. Bigstaff would have been a violation of his probation?

IV.    Whether the trial court erred in giving the jury a "consciousness of guilt" instruction when not supported by the facts?[2]

---

[1] See: Exhibit 1 to the answer, App.1-19.
[2] See: Exhibit 5 to the answer, App.52.

1

On December 23, 2011, the judgment of sentence was affirmed.[3] Reargument en banc was denied and leave to appeal was denied by the Pennsylvania Supreme Court on August 1, 2012.[4]

On August 24, 2012, Moorefield filed a post-conviction petition which was subsequently amended.[5] The latter was dismissed on August 28, 2013.[6] An appeal was filed in the Superior Court in which the questions presented were:

1. Did the trial court err in denying appellant's PCRA petition since trial counsel Karsh was ineffective for failing to object to Michael Bigstaff's assertion of his Fifth Amendment right to avoid testifying since he only asserted that his testimony might constitute a technical violation of his parole, which does not constitute a sufficient basis on which to assert a Fifth Amendment claim; trial counsel's omission precluded the trial court from compelling Mr. Bigstaff to testify, and caused a claim, that the trial court erred in ruling that Bigstaff could not be compelled to testify, to be waived on direct appeal. Moreover, Bigstaff's testimony would have aided appellant's defense, and led to an acquittal (since he was acting in self-defense) or conviction of less serious crimes, if the jury had heard Bigstaff testify?

2. Did the trial court err in denying appellant's PCRA petition since Aaron Henderson (known in 2008 as "Little E" or "E") submitted newly discovered evidence indicating that Victorio Hinton ("Squeak") attempted to purchase cocaine from him in 2008, Hinton gave him $4,500 in cash and Henderson took the money and never returned or gave Hinton drugs, and if the jury had heard this evidence it would have supported Hinton's trial testimony that victim Brandyburg lost his temper when he heard that "Little E" was involved in a new drug transaction and then the shooting occurred in the van, it also supported Nesmith's trial testimony, and supported the inference that if appellant was in the van he was simply defending himself when Brandyburg lost his temper and shooting began in the van, making the two verdicts of murder one unsupportable?[7]

On May 23, 2014, the denial of post-conviction relief was affirmed,[8] and leave to appeal was denied by the Pennsylvania Supreme Court on September 30, 2014.[9]

In the instant petition filed on June 23, 2015[10], Moorefield sets for the following claims:

---

[3] See: Exhibit 7 to the answer, App.119-133.
[4] See: Exhibit 12 to the answer, App212.
[5] See: Exhibit 13 and 14 to the answer, App.213-222, 223-257.
[6] See: Exhibit 17 to the answer, App.279.
[7] See: Exhibit 21 to the answer, App.315-316.
[8] See: Exhibit 23 to the answer, App. 382-396.
[9] See: Exhibit 27 to the answer, App.450.
[10] The Commonwealth concedes that the instant petition is timely at p.12 of the answer.

1. The evidence was insufficient to prove, beyond a reasonable doubt that the petitioner actually fired a weapon in the van on July 5, 2008.

2. The evidence was insufficient to disprove, beyond a reasonable doubt that the petitioner acted in self-defense.

3. The trial court erred in ruling the witness Michael Bigstaff had a valid Fifth Amendment right to avoid testifying.

4. The trial court erred in giving a "consciousness of guilt" jury instruction.

These four issues were raised in Moorefield's direct appeal and for this reason are properly before this Court. 28 U.S.C. §2254(b)(1)(A).

The post-conviction Superior Court set forth the background to this prosecution, by citing the opinion of the trial court:

> On July 5, 2008, Cristopher Brandyburg and [William] Walker were shot to death inside a minivan in the Homewood section of the City of Pittsburgh. Security guards heard gunshots and saw glass explode out from the inside of the minivan. Glass was found outside the van in the vicinity of where the security guards heard gunfire. The van drove away with the guards in hot pursuit. The van eventually returned to its starting point and the driver and [Moorefield] exited the vehicle. The two individuals ran away from the guards, but [Moorefield] was quickly apprehended.
>
> A police detective testified that he inserted trajectory rods into bullet holes in the van to determine the flight of the bullets. After being [M]irandized, [Moorefield] initially told the police that the victims were shot from outside the van by a passing car as a consequence of a drug deal gone wrong. [Moorefield] was not only unable to offer corroborating evidence in support of this account, but when police confronted him on the inconsistency of his explanation, including both physical and forensic evidence, [Moorefield] put his head down and refused to speak further with the police.

The Superior Court continued:

> At trial, Moorefield did not deny the shooting (as he had to police upon apprehension), but asserted that he was acting in self-defense against Brandyburg and Walker.[1.]
>
> > 1. A fourth individual in the van, Victorio Hinton, survived and entered a guilty plea to lesser offenses in exchange for his testimony against Moorefield.[11]

---
[11] See: Exhibit 23 to the answer, App.382-383.

3

The petitioner's first two issues here are whether the evidence was sufficient to prove his guilt beyond a reasonable doubt and whether the evidence was sufficient to disprove his alibi defense beyond a reasonable doubt.[12]

In reviewing such a claim, a federal habeas corpus court must view the evidence in a light favorable to the prosecution and determine whether based on that evidence any rational fact finder could determine guilt beyond a reasonable doubt. Coleman v. Johnson, 132 S.Ct. 2060, 2064 (2012) citing Jackson v. United States, 443 U.S. 307, 318-319 (1979).

In reviewing this issue during the direct appeal, the Superior Court summarized:

> The Commonwealth presented physical and forensic evidence, including the bullet trajectory testing, from which the jury could have reasonably concluded that all of the shooting resulting in the deaths of Brandyburg and Walker took place inside the minivan. The testimony of the two security guards also supported this conclusion, since they heard gunshots emanating from inside the minivan and saw its glass windows break. Glass at the scene supported this testimony. Victorio Hinton ("Hinton") testified that only four people were in the van – himself, Moorefield, and the two victims – and denied that he was the shooter. (citing trial transcript). Hinton also testified that he observed Moorefield discard a gun as he exited the van to flee apprehension.(citing trial transcript). From this evidence, it was well within the jury's province to conclude that Moorefield shot and killed Brandyburg and Walker.[13]

Although Moorefield did not testify at trial, the evidence presented by prosecution witness Hinton was that he and the two victims were present in the van with the petitioner (TT.752); that he was the driver (TT.736,758); that victim Walker was present in the van with a gun in his lap (TT.737,778.874.913,915); that the only time he observed the petitioner in possession of the weapon occurred when saw the petitioner throw the gun from the van window (TT.747,754,813); that he knew the gun was a silver semi-automatic weapon (TT.755) and that he had made a deal with the prosecution that he would receive no additional jail time for his involvement in this crime in exchange for his testimony (TT.780-789,896.906.942).

During his extensive cross-examination of Hinton, defense counsel sought to discredit his testimony revealing how significantly it differed from his original statements to the police,

---

[12] Where a claim of self-defense is raised, Pennsylvania requires the Commonwealth to disprove the claim beyond a reasonable doubt. Commonwealth v. Houser, (610 Pa. 264, 275 (2011) ("although the Commonwealth is required to disprove a claim of self-defense … a jury is not required to believe the testimony of the defendant who raises the claim")(citation omitted).

[13] See: Exhibit 7 to the answer, App.122. See also, TT. 695-713.

4

and how conveniently his testimony implicating the petitioner had emerged following his deal with the prosecution (TT.761-909). Thus, the issue before the jury was one of credibility

This credibility issue was vigorously argued by defense counsel in his closing (TT.1360-1367,1410,1428. Indeed he argued,

> [Hinton's] original statement that he gave to the police was not … satisfactory to the Commonwealth. So what did they do; they charged him with murder, and only after he was charged with murder, after the case had been scheduled for trial on two or three occasions, did Mr. Hinton change his story and in some ways implicate Allan Moorefield (TT.1360).

Thus, as a matter of credibility, the verdict is not subject to review here. United States v. John-Baptiste, 747 F.3d 186,208(3d Cir.) cert. denied 134 S.Ct.2324 (2014).

Moorefield also argues that the evidence was insufficient to disprove self-defense beyond a reasonable doubt.[14] Although the only testimony hinting at possible self-defense was presented by way of hypothetical questions rather than through any affirmative testimony, in his closing argument defense counsel raised the possibility of self- defense (TT.1393):

> Mr. Hinton testified … that Brandyburg said, take care of that, after flipping out and going ballistic, and everybody in the car knows these guys are strapped [armed].
>
> Well, if you are Mr. Moorefield, you have a chance to grab that gun [from Walker's lap] and save your own life, wouldn't you do it? (TT.1393).
>
> In accord with this argument the court instructed the jury,
>
> The law recognizes that the cumulative impact of a series of related events can lead to sudden passion and amount to serious provocation. The test is a reasonable person confronted with the same series of events could become so impassioned that he or she would be incapable of cool reflection.
>
> The reducing circumstances of a Defendant acting under an unreasonable belief that the circumstances of the killing were justified applies where, A, the Defendant actually believed that he was in immediate danger of death or serious bodily injury from William T. Walker or Christopher Brandyburg at the time that he used deadly force, but his belief was unreasonable in light of the facts as they appeared to him at the time.
>
> Or B, the Defendant did not provoke the use of force by the alleged victim by engaging in conduct that showed it was his intent to cause death or serious bodily

---

[14] See: Commonwealth v. Houser, 610 Pa. at 275 ("if a defendant introduces evidence of self-defense, the Commonwealth bears the burden of disproving the self-defense claim beyond a reasonable doubt").

injury to the victim and, C, that the Defendant did not violate his duty to retreat from the place or surrender possession of something or comply with a lawful demand, as I described those terms when I explained the justification defense.

Therefore, you can find malice and murder only if the Commonwealth proves beyond a reasonable doubt one of the following elements. A, the Defendant did not actually believe that he was in immediate danger of death or serious bodily injury from William T. Walker and Christopher Brandyburg at the time that he used deadly force.

Note that the unreasonableness of the Defendant's belief is not the issue here as it was when I explained justification to you. The question is whether the Defendant actually believed such an immediate danger existed at the time he used deadly force… (TT1503-04).

Thus, other than pure speculative defense cross-examination and defense counsel's argument to the contrary, it would appear that the Commonwealth met its burden of disproving self-defense beyond a reasonable doubt. For this reason, there was evidence to sustain the Commonwealth's burden beyond a reasonable doubt.

The petitioner's third argument is that the trial court erred in sustaining witness Michael Bigstaff's assertion of his Fifth Amendment right not to testify.

During a trial recess, the prosecutor and defense counsel met with the court (TT.350- 357, 359-377) and defense counsel explained that Bigstaff who was on the prosecutor's witness list had stated that since he was on parole at that time it was the his intention not to testify but rather to invoke his Fifth Amendment privilege not to testify; that it was counsel's belief that the privilege did not attach to parole violations; that Bigstaff repeated his intention to invoke his privilege, and the court granted his request.[15]

In reviewing this issue, the Superior Court wrote:

Absent any clear argument that Bigstaff would have testified regarding subject matter not testified to by Nesmith and Hinton, and how any such novel testimony would have created a reasonable probability of a different outcome, we are constrained to reject Moorefield's argument for want of an adequate showing of prejudice.[16]

---

[15] See, United States v. Lee, 315 F.3d 206, 213 (3d Cir), cert. denied 540 U.S. 858 (2003)("a probationer may not refuse to answer a question just because his answer would disclose a violation of probation; rather, a probationer may only invoke his privilege against self-incrimination if a truthful answer would expose him to a prosecution for a crime different from the one on which he was already convicted").
[16] See: Exhibit 23 to the answer, App.394.

That is, had Bigstaff testified, his testimony would have been merely cumulative of prior testimony regarding what had occurred in the van. The refusal to compel evidence which would have been merely cumulative, even if erroneous did not prejudice the petitioner. The exclusion of cumulative evidence is not material unless "a reasonable probability that, but for [the exclusion of this evidence], the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984) . See also: Branch v. Sweeney, 758 F.3d 226, 236 (3d.Cir. 2014).Thus, this claim does not provide a basis for relief.

Moorefield's final argument is that the trial court erred in giving a consciousness of guilt instruction to the jury. Specifically and in conformity with Pennsylvania law, during its instructions, the court stated:

> Generally speaking, when a crime has been committed and a person thinks he is or may be accused of a crime, committing it, and he flees or conceals himself, such flight or concealment is a circumstance tending to prove the person is conscious of guilt.
>
> Such flight or concealment does not necessarily show consciousness of guilt in every case. A person may flee or hide for some other motive, may do so even though innocent. Whether the evidence of flight or concealment in this case should be looked at as tending to prove guilt depends upon the facts and circumstances of this case, especially upon motives that may have prompted the flight or concealment… (TT.1513-1514).

In response to this issue, the Superior Court wrote:

> We disagree with Moorefield's contention that his effort to flee from the scene of the crime was not sufficiently lengthy to merit a consciousness of guilt instruction. Among other things, the evidence showed that Moorefield obeyed the commands of the security guards to stop and put his hands up at a time when the two had surrounded him with weapons drawn and pointed at him. N.T., 2/3/10 at 184-86. It was for the jury to decide whether Moorefield was fleeing and, if so, assign weight to his efforts to do so (if any). In this regard, the trial court's instruction capably explained the jury's duty to this end…[17]

A federal habeas court called upon to review a challenge to jury instructions must view those challenges in light of the instructions as a whole. Riley v. Taylor, 277 F.3d 261 (3d Cir.2001)(en banc). In the instant case, the instruction was proper under Pennsylvania law[18], and upon reviewing the instructions as an entity no violation of petitioner's rights occurred.

---

[17] See: Exhibit 7 to the answer, App.132.
[18] Federal courts do not determine state law. Swarthout v. Cooke, 131 S.Ct. 859 (2011).

7

Accordingly, because petitioner's conviction was secured in a manner that was not contradictory to federal law as determined by the Supreme Court nor involved an unreasonable application of those determinations, he is not entitled to relief here. For this reason his petition will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 5th day of October, 2015 for the reasons set forth in the foregoing Memorandum, the petition of Allen Moorefield for a writ of habeas corpus is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

The parties are advised that pursuant to Rule 4(a) F.R.App.P any party desiring to file an appeal must do so within thirty (30) days of this date by mailing a notice of appeal to the Clerk, United States District Court, 700 Grant Street, Pittsburgh, PA 15219-1957.

s/ Robert C. Mitchell  
United States Magistrate Judge